UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA WALKING EAGLE,<br><br>Defendant. | 3:20-CR-30117-RAL<br><br>**OPINION AND ORDER DENYING MOTION TO DISMISS INDICTMENT** |
|---|---|

On September 9, 2020, Joshua Walking Eagle (Walking Eagle) was indicted for second-degree murder in violation of 18 U.S.C. § 1153 and 1111 and using and carrying a firearm in violation of 18 U.S.C. § 924(c)(1)(A). Doc. 1. Walking Eagle's initial appearance on the indictment was on October 28, 2020. Doc. 9. Walking Eagle is accused of killing Lloyd Walking Eagle on the afternoon of May 29, 2020 in Todd County, South Dakota, located within the Rosebud Sioux Indian Reservation. Doc. 30 at 1–2. Walking Eagle has filed a pro se motion to dismiss the indictment, arguing that his case should be dismissed because this Court lacks jurisdiction. Doc. 24. Walking Eagle also asserts his right to a speedy trial under the Speedy Trial Act and the United States Constitution. Doc. 24. The Government has responded in opposition to Walking Eagle's motion. Doc. 30. For the reasons stated herein, Walking Eagle's motion to dismiss is denied.

**I.   Lack of Jurisdiction**

Walking Eagle argues that this Court lacks jurisdiction over the case. Under the Major Crimes Act (MCA), federal courts have exclusive jurisdiction over certain crimes committed by

1

an "Indian"[1] in "Indian country." 18 U.S.C. § 1153; United States v. Azure, 801 F.2d 336, 338 (8th Cir. 1986). Section 1153 of the MCA provides as follows:

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

18 U.S.C. § 1153(a). As the statute makes clear, any Indian who commits murder in Indian country falls within the purview of the federal courts. 18 U.S.C. § 1153. Under the MCA, the term "Indian country," includes "all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation." 18 U.S.C. § 1151. As the Eighth Circuit has stated, "Section 1151(a) confirms that reservations are properly considered Indian country and are therefore under the primary jurisdiction of the federal government and the relevant tribes." Yankton Sioux Tribe v. Podhradsky, 606 F.3d 994, 1007 (8th Cir. 2010). While the MCA does not define the term "Indian," courts have "judicially explicated" its meaning. United States v. Zepeda, 792 F.3d 1103, 1110 (9th Cir. 2015) (cleaned up and citation omitted). Several circuit courts, including the Eighth Circuit, have defined an "Indian" as an individual that (1) is a member of a federally recognized tribe and (2) has some quantum of Native American blood. United States

---

[1] The statute uses the word "Indian." The word "Indian" stems from the mistaken belief of early Europeans that they had encountered people of the East Indies when landing ships on islands off the coasts of North and South America, two continents that had a population the rough equivalent of Europe at the time and many different groups of people more properly called Native Americans. This Opinion and Order uses the word "Indian" nevertheless as that word is used in the statute.

v. Stymiest, 581 F.3d 759, 762 (8th Cir. 2009); Zepeda, 792 F.3d at 1110; United States v. Prentiss, 273 F.3d 1277, 1280 (10th Cir. 2001).

Here, this Court has exclusive jurisdiction over the case under the MCA. First, a grand jury indicted Walking Eagle with second-degree murder, an enumerated offense under the MCA.[2] Second, the offense was allegedly committed within the exterior boundaries of the Rosebud Sioux Indian Reservation; therefore, it was committed within "Indian country." Finally, Walking Eagle is an "Indian," as he is an enrolled member of the Rosebud Sioux Tribe and 1/2 degree of Native American blood. In sum, all the requirements are met under the MCA for this Court to assert jurisdiction over the case.

Nonetheless, Walking Eagle argues that this Court lacks jurisdiction over crimes committed within reservation boundaries. In support of this argument, Walking Eagle cites Flying Horse v. South Dakota Department of Corrections, 16-CR-50076-JLV. In that case, the petitioner Joseph Flying Horse, a prisoner at the Pennington County Jail, filed a pro se motion in the Western Division of the Federal District Court for the District of South Dakota seeking removal of all criminal prosecutions of Native Americans by the State of South Dakota. Flying Horse, 16-CR-50076-JLV, Doc. 4. The Honorable Jeffrey L. Viken conducted a § 1915A screening of the case and dismissed the case as frivolous. Flying Horse, 16-CR-50076-JLV, Doc. 4. Flying Eagle appealed and, without issuing an opinion, the Eighth Circuit vacated the judgment of the district court and remanded to the district court with instructions to remand the case to the state court. Flying Horse, 16-CR-50076-JLV, Doc. 10.

---

[2] Walking Eagle was also indicted for using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Of course, federal courts have jurisdiction over any person charged with this offense regardless of whether that person is an "Indian" or the offense was committed in "Indian country."

Walking Eagle's reliance on this case is puzzling. Walking Eagle asserts that Flying Horse stands for the proposition that state courts as well as this Court lack jurisdiction over crimes committed on Indian reservations. Doc. 24 at 3–5. That is simply incorrect; the Eighth Circuit never so ruled. And indeed, as the Court discussed above, the MCA expressly grants federal courts exclusive jurisdiction over cases of this kind. 18 U.S.C. § 1153. The United States Supreme Court and the Eighth Circuit have made clear that Indian country includes reservation land. See McGirt v. Oklahoma, 140 S. Ct. 2452, 2470 (2020) ("In conjunction with the MCA, § 1151(a) . . . sends to federal court certain major crimes committed by Indians on reservations."); Podhradsky, 606 F.3d at 1006 ("Reservation land is by definition 'Indian country,' and as a general rule Indian country falls under the primary civil, criminal, and regulatory jurisdiction of the federal government and the resident Tribe rather than the states."). This Court has jurisdiction over this case.

## II. The Right to a Speedy Trial

Aside from arguing that his case should be dismissed for lack of jurisdiction, Walking Eagle also asserts his right to a speedy trial, seemingly invoking both the Speedy Trial Act and the Sixth Amendment. Doc. 24 at 1, 6. It is unclear whether Walking Eagle is claiming that his right to a speedy trial has been violated or is merely clarifying that he has not waived his right to a speedy trial. To the extent that he claims his speedy trial right has been violated, this Court will address why that is not so.

Under the Speedy Trial Act, a federal criminal defendant must be brought to trial within 70 days of his indictment or arraignment, whichever is later. 18 U.S.C. § 3161(c); United States v. Aldaco, 477 F.3d 1008, 1016 (8th Cir. 2007) (citation omitted). However, certain days may be

excluded from this 70-day calculation. 18 U.S.C. § 3161(h); Aldaco, 477 F.3d at 1016. For example, the calculation may exclude:

> Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). When the judge finds that the ends of justice served by granting such a continuance outweigh the best interest of the public and the defendant in a speedy trial, the judge must explain his or her findings either orally or in writing. Id.; United States v. Johnson, 990 F.3d 661, 667 (8th Cir. 2021). The defendant bears the burden of showing that his statutory right to a speedy trial has been violated. United States v. Williams, 557 F.3d 943, 950 (8th Cir. 2009).

Here, the 70-day deadline has not lapsed. Walking Eagle's first appearance on the indictment was on October 28, 2020, Doc. 9, and his trial was scheduled to begin 69 days thereafter on January 5, 2021, Doc. 10. But on December 21, 2020, Walking Eagle filed a motion to continue, and this Court granted the motion[3] and rescheduled the trial for February 16, 2021. Doc. 22. When Walking Eagle filed his first motion to continue, the speedy trial clock stopped. 18 U.S.C. § 3161(h)(7)(A); United States v. Jones, 23 F.3d 1307, 1311 (8th Cir. 1994). Then Walking Eagle filed this pretrial motion, which also stopped the speedy trial clock. 18 U.S.C. § 3161(h)(1)(D); United States v. Titlbach, 339 F.3d 692, 698–99 (8th Cir. 2003). After Walking Eagle filed this motion, he filed a second motion for continuance as well as a waiver of his speedy trial rights. Docs. 25, 26. Once again, this Court granted the motion for continuance.[4] Doc. 28.

---

[3] This Court found that "the ends of justice served by continuing this trial outweigh the best interests of the public and the Defendant in a speedy trial insofar as defense counsel has made known to the Court that additional time is need to investigate this matter and review discovery with the Defendant." Doc. 22 at 1.

[4] This Court found that "the ends of justice served by continuing this trial outweigh the best interests of the public and the Defendant in a speedy trial insofar as defense counsel has made to

5

Excluding the period of delays caused by Walking Eagle's motions for continuances as well as his motion to dismiss, the 70-day speedy trial period has not lapsed. See Jones, 23 F.3d at 1311 (noting that the speedy trial clock stopped from date the defendant's motion to continue was filed until the date the trial was rescheduled); United States v. Faulkner, CR. 17-50144-JLV, 2019 WL 529510, at *4 (D.S.D. Feb. 11, 2019) (same); United States v. Hessman, No. CR 02-3038-LRR, 2006 WL 572049, at *4 (N.D. Iowa Mar. 7, 2006) (same). Indeed, by this Court's calculation, only 54 days have elapsed from Walking Eagle's first appearance on October 28, 2020 to his first motion to continue on December 21, 2020, which stopped the speedy trial clock.

While Sixth Amendment challenges are reviewed separately from challenges under the Speedy Trial Act, "[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." Titlbach, 339 F.3d at 699. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. amend. VI. The Sixth Amendment right to a speedy trial "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." United States v. Erenas-Luna, 560 F.3d 772, 776 (8th Cir. 2009) (citation omitted). To determine whether a defendant's Sixth Amendment right to a speedy trial has been violated, the Supreme Court has instructed courts to examine the following four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972).

Here, Walking Eagle's Sixth Amendment right to a speedy trial has not been violated. Walking Eagle was indicted on September 9, 2020, Doc. 1, and his trial is currently scheduled for

---

known to the Court that defense counsel recently hired a private investigator therefore additional time is needed to investigate the matter." Doc. 28 at 1.

May 18, 2021, Doc. 28. This means he will have his trial about eight months after he was indicted. See Titlbach, 339 F.3d at 699 (eight-month delay not presumptively unreasonable). All delays in this case are attributable to Walking Eagle as he sought to continuances to allow him to further prepare his case and then sought a ruling on a motion to dismiss. See Williams, 557 F.3d at 949 ("Delays which have been caused by the accused himself can not, of course, be complained of by him." (citation omitted)). Thus, any delay has only been to his benefit, not detriment. Finally, although he asserts the right to a speedy trial in the motion at hand, he has since executed a waiver of the right in conjunction with his second motion to continue. Doc. 26. In consideration of these factors, the Sixth Amendment does not require this Court to dismiss the indictment.

### III.  Conclusion

For the foregoing reasons, it is hereby

ORDERED that Walking Eagle's Motion to Dismiss Indictment, Doc. 24, is denied.

DATED this 20th day of April, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE